| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------x<br>RUFINO CARDONA and NILDA CARDONA,<br><br>                Plaintiffs,<br><br>    -against-<br><br>COMMUNITY ACCESS, INC.; "JANE" BATTLE;<br>and CARL JOHNSON,<br><br>                Defendants.<br>-------------------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br>**MEMORANDUM AND ORDER**<br><br>11-CV-4129 (CBA) |

AMON, Chief United States District Judge.

      Plaintiffs Rufino and Nilda Cardona filed this *pro se* complaint on August 23, 2011 against the management company of their residence at 910 Dekalb Avenue in Brooklyn, and two of its employees. They allege that the defendants discriminated against them on account of their race and disabilities. Before the Court is the plaintiffs' request to proceed *in forma pauperis*. This motion is granted for the purpose of this Order, and the plaintiffs are granted leave to submit an amended complaint within 60 days of the date of this Order.

## BACKGROUND

      The plaintiffs, who are of Hispanic origin, allege that "Defendants are engaged in housing practices that discriminate on the basis of race or color." (Compl. ¶ 7.) The plaintiffs also allege that defendants discriminated against them "because of the plaintiffs['] disabilities." (Compl. ¶¶ 20-21.) The complaint alleges that the defendants have discriminated against black and hispanic persons by denying them available apartments, failing to tell them about the availability of apartments, and restricting their available apartment choices. (Compl. ¶ 8.) The complaint itself does not specify when or how the defendants discriminated against the plaintiffs on account of their race or disabilities, nor does it describe any adverse housing effect or other injury they suffered as a result of the alleged discrimination. The complaint does not suggest that the

plaintiffs themselves were ever deprived of an available apartment, evicted, threatened with eviction, or otherwise denied any other housing benefit because of their race or disabilities.

The plaintiffs attach to their complaint several letters addressed to defendant Community Access, Inc. These letters describe incidents in which the plaintiffs feel they were harassed by the defendants and/or other employees of Community Access, Inc. Specifically, they describe: an incident where defendant Ms. Battle refused to open the security door to the building to allow plaintiff Mr. Cardona to enter (ECF pp. 11, 12);[1] an incident where defendant Mr. Johnson physically tried to prevent plaintiff Mr. Cardona from entering the building, after which Ms. Battle called the police to report Mr. Cardona (ECF p. 11, 12); another incident where Ms. Battle refused to let the plaintiffs into the building, apparently under orders from Mr. Johnson not to open the doors for the plaintiffs anymore (ECF p. 12); an incident on Memorial Day 2010 where the plaintiffs were told by Ms. Battle not to attend a cookout at the building because it was a "private event," even though the announcement said "all tenants invited" (ECF p. 12); an incident where an employee who is not a defendant in this case, Ms. Fludd, misused "confidential client information of Ms. Nilda Cardona" (ECF p. 15); an incident where an employee who is not a defendant in this case, Mark Murph, assaulted plaintiff Ms. Cardona (ECF pp. 16, 21); and two incidents where defendant Mr. Johnson and another employee told plaintiff Ms. Cardona that she could not wait in the lobby or sit in front of the building (ECF pp. 18, 19).

In these letters, the plaintiffs suggest that the Community Access employees are unqualified to work with "mental handicapped people in the Community Access system." (ECF p. 21.) The letters repeatedly use the terms "harassment" and "discrimination." However, none of these letters mention the race of the plaintiffs, or the race of the other parties involved in the

---

[1] The complaint does not include page numbers, and thus the Court refers to the pages assigned by the Electronic Case Filing System.

incidents. Nor do they contain any facts or allegations that suggest that the conduct described was taken on account of the plaintiffs' race or disabilities, as opposed to for some other reason.

The plaintiffs assert discrimination claims against the defendants under the Federal Fair Housing Act, 42 U.S.C. §3601, *et seq.*, ("FHA"), and 42 U.S.C. §§ 1981 and 1982. The plaintiffs also assert several state law claims, including assault and battery, negligent inflection of emotional distress, conspiracy, and fraudulent concealment. The plaintiffs seek a declaratory judgment that the defendants have violated the FHA; injunctive relief prohibiting the defendants from future discrimination and requiring defendants to restore "the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct"; actual and compensatory damages; court costs; and civil penalties. (Demands for Relief at ECF pp. 2, 6.)[2]

## DISCUSSION

### A. Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, —, U.S. — , — , 129 S.Ct. 1937, 1953 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, pursuant

---

[2] The plaintiffs previously filed a prior action against Community Access. That case concluded with a stipulation of settlement. Cardona, et al. v. Community Access, Inc., et al., Docket No. 09-CV-3148-CBA-RLM (E.D.N.Y. Oct. 29, 2009).

to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**B.  The Plaintiffs' Federal Claims**

The plaintiffs assert claims under the FHA and two sections of the Civil Rights Acts, 42 U.S.C. §§ 1981 and 1982.  For the following reasons, the Court finds that the plaintiffs' complaint, as drafted, fails to state a claim upon which relief could be granted under either of these federal statutes.

**1.  FHA**

The FHA forbids discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin.  42 U.S.C. §3604.  The asserted basis for the plaintiffs' claim that the defendants violated the FHA is that the defendants engaged in discriminatory housing practices based on race and color.  However, although the plaintiffs state that they are of Hispanic origin, they do not articulate any adverse action that they suffered at the defendants' hands on account of their race, nor do they specify any conduct taken by the defendants because of a discriminatory animus.  Although the plaintiffs do attach letters to their complaint describing certain altercations they had with the defendants, not one of these letters refers to the plaintiffs' race, or the race of the other people involved in the altercation, or contains any facts or allegations that otherwise suggest a racial animus for the defendants' actions.

The plaintiffs also allege in the complaint that they both have disabilities, and that their claim arises under the Fair Housing Amendments Act (FHAA) of 1988, which amended the FHA to forbid discrimination on the basis of disability.  See 42 U.S.C. § 3604.  "To establish discrimination under either the FHAA . . .  plaintiffs have three available theories: (1) intentional

4

discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." Tsombanidis v. West Haven Fire Dept., 352 F.3d 565, 573 (2d Cir. 2003). The complaint as drafted does not allege that the plaintiffs were treated differently than other non-disabled tenants of their building. Nor does it allege that the plaintiffs requested accommodations from the defendants that were denied. Thus, the complaint fails to state a claim for disability discrimination in violation of the FHAA.

### 2. Civil Rights Act

Plaintiffs also cite sections of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982. Section 1981 involves the making and enforcing of contracts. Section 1982 upholds the equal rights of all citizens to inherit, purchase, lease, sell, hold, and convey real and personal property. Both sections apply only to discrimination on the basis of race. Plaintiffs have not alleged that defendants have impaired their right to enter into or enforce contracts or leases in real property on the basis of race. Thus, they fail to state a federal claim under these provisions.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiffs' complaint does not state a viable federal claim for relief.[3] However, a liberal reading of the complaint and the attached letters describing the defendants' suspect conduct indicates that the plaintiffs may have a valid claim for racial and/or disability discrimination under the FHA. Therefore, in light of plaintiffs' *pro se* status, the Court grants the plaintiffs leave to amend the complaint to remedy the pleading

---

[3] The Court declines at this stage to address the viability of the plaintiff's state law claims because if the Court ultimately finds that the plaintiffs fail to state a federal claim for relief, the Court would most likely decline to exercise supplemental jurisdiction over any remaining state law claims. See Carnegie-Mellon v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

deficiencies described in this order. Cuoco, 222 F.3d at 112.

The plaintiffs' request to proceed *in forma pauperis* is granted. The Court grants leave to amend the complaint as directed by this order, within 60 days from the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for 60 days or until the plaintiffs have complied with this order. If the plaintiffs fails to comply with this Order within the time allowed, judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
December 5, 2011